1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

LUIS VALENZUELA RODRIGUEZ,      )
                    Plaintiff,                )         CASE NO.      CIV S-08-1028 BJR
                                                  )
              v.                                  )
                                                  )         ORDER
JAMES TILTON, et al.                     )
                    Defendants.             )
_____

      Plaintiff is a California state prisoner proceeding *pro se* in a civil rights action pursuant to

42 U.S.C. § 1983 and has paid his filing fee. He has filed an amended complaint in which he

alleges that he has been denied adequate medical attention during incarceration. Plaintiff names a

large number of defendants, including state officials, prison officials and staff, and medical

facilities and staff. Having screened the complaint pursuant to 28 U.S.C. § 1915A, the Court

hereby finds and Orders as follows:

      As plaintiff has been informed previously, the court is required to screen complaints

brought by prisoners seeking relief against a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A. The court must accept as true the allegations of the

amended complaint, *Hospital Bldg. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe

the pleadings in the light most favourable to plaintiff, and resolve all doubts in plaintiff's favor,

1

*Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). Federal Rule of Civil Procedure 8(a) requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The amended complaint states a colorable claim for relief against defendants American Legion Ambulance, Kentfield Rehabilitation Hospital, Brimhall, Knipp, Johnson, Hamilton, Martinez, Smith, Galloway, Hashimoto, Ziebert, Santos, Pieri, Rodriguez, Taylor, Tseng, Tucker, Micholetti, Duclos, Valavia, Davis, Reyes, Whollers, Storey, Bueno and Chavez pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

The amended complaint states no specific allegations against defendants Campbell, Blim, Anthony, Mullen, Mathos, or Rogers and insufficient allegations against defendant Dubois. 42 U.S.C. § 1983 requires that there be an actual connection or link between the actions of defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an action which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Because plaintiff has failed to sufficiently link the foregoing defendants to the alleged deprivations, the claims against these defendants are dismissed.

In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights

violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Accordingly, the claims against defendants Schwarznegger, Tilton and Novey are dismissed.

Plaintiff alleges in his first claim for relief that defendants Reyes, Brimhall, Akintola, Powell and Boyd violated his rights under the First, Fifth and Fourteenth Amendments of the United States Constitution. He claims that these defendants denied, rejected or caused delay in treatment for his "heart problems, cholesterol, blood pressure [and] mental health." Dkt. No. 8, at 38. However, plaintiff alleges in the amended complaint that he received "prompt" medical treatment from the prison staff for his "heart and chest" pains on the evening of July 27, 2006. *Id*. at 5. Indeed, he was hospitalized that night for treatment. *Id*. The gravamen of the amended complaint is the treatment he received primarily from prison officials and staff after his July 27, 2006 hospitalization. Therefore, plaintiff's first claim for relief must be dismissed as legally frivolous because it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As such, plaintiff failed to state a colorable claim for relief against defendants Akintola, Powell and Boyd.

Accordingly, IT IS HEREBY ORDERED that:

Plaintiff's claims against all defendants but for American Legion Ambulance, Kent Field Rehabilitation Hospital, Knipp, Johnson, Hamilton, Martinez, Smith, Galloway, Hashimoto, Ziebert, Santos, Pieri, Taylor, Tucker, Micholetti, Chavez, Tseng, Rodriguez, Duclos, Valavia, Davis, Reyes, Whollers, Storey, Brimhall and Bueno are dismissed for the reasons discussed above. In addition, plaintiff's first claim for relief is dismissed. Plaintiff is permitted to proceed on the remaining claims against the remaining defendants. Plaintiff is further advised that it is his

obligation to effectuate service within 120 days of the date of this order.

DATED this 5th day of October, 2009.




Barbara Jacobs Rothstein
U.S. District Court Judge