IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES TILTON, et al.<br>　　　　Defendants. | CASE NO.　CIV S-08-1028 BJR<br><br>ORDER SCREENING SECOND<br>AMENDED COMPLAINT |

    Plaintiff is a California state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. He alleges that he has been denied adequate medical attention during his incarceration. In an order dated October 5, 2009, this court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and determined that Plaintiff stated a cognizable claim for relief against some of the named defendants but failed to state a colorable claim against defendants Campbell, Blim, Anthony, Mullen, Mathos, Rogers, Schwarznegger, Tilton, Novey, Akintola, Powell, Boyd and Dubois. (Dkt. No. 11.) Accordingly, the claims against these defendants were dismissed.

    In addition, the court dismissed Plaintiff's claim that he was denied adequate medical attention for his "heart problems, cholesterol, blood pressure [and] mental health" and cautioned Plaintiff that this action is limited to claims related to the treatment he received after his July 27,

1

2006 hospitalization. The court notified Plaintiff that he was permitted to proceed with his remaining claims against the remaining defendants and instructed Plaintiff to effectuate service within 120 days.

On January 29, 2010, Plaintiff filed a second amended complaint. (Dkt. No. 13.) This court is required to screen the second amended complaint as well. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Federal Rule of Civil Procedure 8(a) requires that the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S.Ct. 1937, 1949 (2009) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50. Having screened the second amended complaint, this court finds that, with the exception of the Third Cause of Action[1], the amended complaint states cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the second amended complaint are proven, Plaintiff has a reasonable opportunity to prevail on the merits of this action.

Accordingly, IT IS HEREBY ORDERED that:

---

[1] Plaintiff's third cause of action, "Violation of 42 U.S.C. 1983," is not viable. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

2

1. Service is appropriate for the following defendants: American Legion Ambulance, Smith, Galloway, Hashimoto, Santos, Pieri, Brimhall, Campbell, Akintola, Knipp, Subia, Garcia, Blim, and the Deputy Warden of MCSP;

2. The Third Cause of Action in the Second Amended Complaint is dismissed; and

3. Service must be effectuated on the defendants within 120 days from the date of this order. Failure to do so may result in dismissal of this action.

DATED this 22nd day of February, 2010.

/s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge