IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

LUIS VALENZUELA RODRIGUEZ,            )
       Plaintiff,                                     )     CASE NO.    CIV S-08-1028 BJR
                                                      )
       v.                                             )
                                                      )     ORDER DENYING MOTION TO FILE
                                                      )     SECOND AMENDED COMPLAINT
JAMES TILTON, et al.                          )
       Defendants.                                 )
_____

      Before the court is Plaintiff's April 15, 2010 Ex Parte Motion for Leave to File Second Amended Complaint.[1] Plaintiff filed this action on May 12, 2008, and amended the complaint for the first time on October 7, 2008. This court screened the amended complaint pursuant to 28 U.S.C. § 1915A and instructed Plaintiff to serve defendants within 120 days. Instead, Plaintiff filed a second amended complaint on January 29, 2010. This court screened the second amended complaint and again instructed Plaintiff to serve defendants within 120 days. On March 25, 2010, Plaintiff filed a motion to proceed *in forma pauperis,* which the court granted on March 30, 2010. The court instructed Plaintiff to submit the required USM-285 forms so that the United States Marshal Service could serve defendants. Instead, Plaintiff filed the present motion and

---

[1] Plaintiff incorrectly identifies this as the second amended complaint. However, the record makes clear that this would be the third time he amended the complaint.

1

further "notifi[ed] the court that out of crucial necessity [he] will have to seek at least one more filing of an amended complaint in this action…." Dkt. No. 25 at 40.

Portions of Plaintiff's filings are hand-written and difficult for the court to read. In an effort to promote judicial efficiency, the court instructs Plaintiff to submit a detailed description of how the proposed third amended complaint differs from the presently operative complaint. Plaintiff should highlight any new facts and/or claims as well as additional defendants. In addition, Plaintiff is reminded that "[s]weeping conclusory allegations will not suffice …[plaintiff] must set forth specific facts as to each individual defendant's…" causal role in the alleged constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Based on the foregoing, Plaintiff's Ex Parte Motion for Leave to File Second Amended Complaint is DENIED WITH LEAVE TO RENOTE. Plaintiff may re-file the motion in accordance with the terms set forth above.

DATED this 26th day of April, 2010.

/s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge