IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VALENZUELA RODRIGUEZ,

      Plaintiff,                            No. CIV S-08-1028 GEB GGH P

    vs.

JAMES TILTON, et al.,

      Defendants.               <u>ORDER</u>

          Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On March 17, 2011, the court issued a discovery and scheduling order that the parties may conduct discovery until July 1, 2011. On June 13, 2011, plaintiff filed a motion to stay discovery for 90 days (Doc. 62) and a separate letter (Doc. 60) regarding difficulties in accessing the law library and his legal materials. The court notes that plaintiff's handwriting is at times illegible and it is difficult to fully comprehend what he is stating and requesting. It appears plaintiff seeks a stay of discovery as he needs more time to acquire and make copies of defendants' discovery requests.

          In the motion for a stay, plaintiff states he is not being provided enough law library time, not enough time to view his legal files and is only being allowed to copy 100 pages a week. Plaintiff also wishes to check out the "prisoner litigation manual" from the library, but

1

apparently can only view it while in the actual library and not take it back to his cell.[1]  Plaintiff's separate letter also describes difficulties with access to the law library and viewing his legal materials.

While plaintiff identifies general difficulties in trying to obtain his legal materials or have additional law library access, he fails to point to any specific reasons he needs additional access.  Plaintiff states that he is responding to discovery requests, but fails to demonstrate how his limited access is impeding him.  While it clearly is inconvenient only having limited library access and only being able to review a book in the library, the prison must balance the needs of all the prisoners.  The "prisoner litigation manual" would seem to be a popular book that would want to be viewed by multiple prisoners and keeping it in the library for all to use seems a wise decision.  With regard to plaintiff's other allegations, he has failed to demonstrate specific reasons why he needs additional access.

Plaintiff's motion to stay discovery is denied, but discovery will be extended approximately 14 days as will the deadline for all other motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a stay of discovery (Doc. 62) is denied:

2. Parties may now conduct discovery until July 15, 2011.  Any motions necessary to compel discovery shall be filed by that date.  All pretrial motions, except motions to compel discovery, shall be filed on or before October 10, 2011.

DATED: June 21, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB - rodr1028.ord3

---

[1] Plaintiff states that the library guard is causing all of these problems, though the guard in question does not appear to be a defendant in this case.  Based on plaintiff's handwriting, it is not clear the exact name of the guard.