IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VALENZUELA RODRIGUEZ,

    Plaintiff,                     No. CIV S-08-1028 GEB GGH P

  vs.

JAMES TILTON, et al.,

    Defendants.              ORDER

/

        Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's July 1, 2011, motion for a temporary restraining order and preliminary injunction.  This case proceeds on the third amended complaint containing claims of deliberate indifference to serious medical needs and retaliation.  For the reasons that follow, the undersigned will construe plaintiff's filing as a motion for a protective order.

Protective Order

        Local Rule 302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial.  It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief.  See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive"

1

motions).

Clearly, the request addressed in plaintiff's motion does not seek dispositive relief on the merits of the complaint. The motion is addressed to procedures that the parties must utilize in litigating this case. See United States v. Flaherty, 666 F.2d 566, 586 (1st Cir. 1981): "A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of trial." Neither do the rulings herein involve injunctive relief.

As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), parties are told to do something or not do something. For example, in typical discovery motions, parties are compelled to answer interrogatories, answer a question or produce a document despite a claim of privilege, attend a deposition at a certain time or place, be compelled to undergo a medical examination, or pay costs associated with discovery in a cost-shifting sense. No one would think of asserting that such non-dispositive orders are invalid because they command or disallow a certain activity. Therefore, the fact that parties are directed in their activities by a magistrate judge, cannot, without more, transform the matter at hand into an "injunctive" relief situation governed by § 636(b)(1)(B). See e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period for non-compliance with discovery orders); Rockwell Int. Inc. V. Pos-A-Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988) superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v. United States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a party from releasing discovery information to the public; specifically held not to be an injunction beyond the authority of a magistrate judge); Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh. 1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate

judge.).  It is only where the relief sought goes to the merits of plaintiff's actions or to complete stays of an action are orders under § 636(b)(1)((A) precluded.  See e.g. Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which restrain or direct the conduct of the parties are not to be characterized as an appealable injunction beyond the authority of the magistrate judge unless the restraint goes to the merits of the action). In other words, a motion for injunctive relief must relate to the allegations in the complaint.  If there is no relation, it is not an injunctive relief situation.  A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  See also De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 65 S.Ct. 1130 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. The injunction in question is not of this character.  It is not an injunction in the cause, and it deals with a matter lying wholly outside the issues in the suit."); Board of Trustees etc. v. Welfare Trust Fund etc, 315 Fed. Appx. 175 (9th Cir. 2009).  In other words, plaintiff must seek injunctive relief related to the merits of his underlying claim.

Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which allows the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing on preliminary injunction admissible at trial.  None of the provisions would make sense if disputes outside the complaint, and on which no trial by definition will be had, could be considered as proceedings for injunctions.  In addition, the standards for granting injunctions are much different than the standards applicable to protective orders.  Applying established standards on the need to grant an injunction only in extraordinary circumstances, absence of legal remedy, balance of hardships, irreparable harm, and so forth are foreign to resolution of discovery and

1  other procedural disputes which crop up in the course of a litigation.

2          In the instant case, plaintiff's requests do not go the merits of plaintiff's action. The gravamen of the Third Amended Complaint concerns medical malpractice, deficient administrative remedies and retaliation allegedly undertaken with respect to specific grievances. None of plaintiff's allegations in the motion relate to these facts. Accordingly, this matter may be handled by court order as it is merely a request for a protective order of sorts. Plaintiff's motion seeks a court order for the prison and all prison employees to stop retaliatory deprivations and actions against plaintiff that will put his safety or life at risk. Plaintiff provides few details concerning his requests, other than referring to his enemy concerns, medical condition and the releasing of his confidential information, without any specific details. Plaintiff also wishes to be transferred to a different prison and more access to his legal files and law library.

        Plaintiff also states that he tried to send a letter to the court a month ago regarding access to the law library, but the court never received it. In fact, the court has received several letters and motions from plaintiff and on June 22, 2011, the court extended discovery until July 15, 2011, and denied plaintiff's law library requests for specific reasons set forth in that Order, including that plaintiff failed to provide specific factual support for his allegations.[1]

        Similarly, the instant motion merely contains general accusations and it would be impossible for the court to provide relief. It is not clear for example, how prison staff are most recently retaliating against him and placing his life in danger, as plaintiff provides no support. With respect to plaintiff's specific requests regarding law library access, the request is denied as the court addressed these issues in its June 22, 2011 Order. The remainder of plaintiff's motion is frivolous and is denied.

////

////

---

[1] The handwriting in parts of the instant motion and at times in many prior motions written by plaintiff is illegible.

4

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 1, 2011, motion for a temporary restraining order and preliminary injunction (Doc. 65), construed as a protective order, is denied.

DATED: July 7, 2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
rodr1028.po