IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VALENZUELA RODRIGUEZ,

        Plaintiff,                  No. CIV S-08-1028 GEB GGH P

    vs.

JAMES TILTON, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Presently pending is plaintiff's motion to compel (Docs. 72, 93) and plaintiff's motion for an extension to file pretrial motions (Doc. 95).

        Plaintiff's motion to compel seeks to have defendants provide information to enable plaintiff to serve several additional defendants and to compel defendants to answer many discovery requests and interrogatories. With respect to the discovery requests and interrogatories, plaintiff simply states that defendants did not completely reply. However, plaintiff does not provide any details about what specific requests he is referring to. Plaintiff attaches all his discovery requests, but it is not clear what plaintiff seeks to be provided. To the extent plaintiff could want everything provided, he has failed to provide any arguments about the requests. It also appears that several discovery requests were never received by defendant but it is difficult to decipher plaintiff's motions to understand what was not received. Defendants also

indicated that additional responses have already been provided.  As plaintiff has failed to provide any specific requests in his motion to compel, with arguments in support, the motion is denied.

To the extent plaintiff seeks production of information to aid him in serving additional defendants, the court will construe the motion as a request for judicial intervention. Within 21 days, plaintiff should file a response indicating the names of the additional defendants he wishes to serve and describe the efforts he has used to attempt to serve them.  Plaintiff should not describe the discovery requests he sent to the current defendants, but all other means he has used to attempt to serve the outstanding defendants.

To the extent plaintiff's September 26, 2011, filing seeks to reopen discovery, it is denied.  Discovery closed on July 15, 2011, and plaintiff has not provided sufficient reasons to reopen discovery.  To the extent plaintiff wishes to pursue discovery on new defendants who are in the process of being served, that issue was addressed in a recent court order on September 30, 2011, that discussed the procedures regarding newly served defendants.

On October 3, 2011, plaintiff filed a request to extend the deadline to file pretrial motions by 60 days.  However, that deadline has already been extended pursuant to the September 30, 2011, court order discussed above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions, Docs. 72, 93, 95, are denied for the reasons stated above.

2. Within 21 days of service of this order, plaintiff should file a response indicating the names of the additional defendants he wishes to serve and describe the efforts he has used to attempt to serve them.  Plaintiff should not describe the discovery requests he sent to the current defendants, but all other means he has used to attempt to serve the outstanding defendants.  If plaintiff wishes the court to consider this filing, plaintiff must write legibly.

DATED: October 13, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
rodr1028.ord4