IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VALENZUELA RODRIGUEZ,

     Plaintiff,                   No. 2:08-cv-1028 GEB GGH P

     vs.

JAMES TILTON, et al.,            ORDER

     Defendants.
_____/

        On September 12, 2012, the court ordered that discovery ended on August 1, 2012, and that the deadline to file dispositive motions was October 30, 2012.

        Defendants Storey, Galloway, Davis, Valavia, Peiri, Smith, Zeibert, Duclos, Hamilton, Santos, Chavez, Linde, Bueno, Wholler, Brimhall, Johnson, Powell, Taylor, Rogers Molin (sued as "Mullen"), Ayers (Tucker), and Reyes ("Defendants") have filed a motion to dismiss (Doc. No. 128), and now seek an extension of time to file a motion for summary judgment until after the court's adjudication of the motion to dismiss. See Doc. No. 129. Good cause appearing for the request, the motion will be granted.

        Plaintiff has also moved to amend the court's September 12, 2012 order, arguing that he has been denied access to his legal material and asking the court to appoint counsel. He asks that the deadlines ordered on September 12, 2012 be extended to accommodate the

1

1  appointment of counsel.  See Doc. No. 125.

2  　　　　　Defendants oppose plaintiff's request for an extension of the discovery deadline,
3  noting that the court's original scheduling order was issued on March 17, 2011 and that discovery
4  in this case has lasted approximately seventeen months.  See Doc. No. 126 at 2.  Defendants do
5  not object to a 30 day extension of plaintiff's deadline to file a dispositive motion.  Id.

6  　　　　　Defendant Anthony, who is represented by different counsel than the Defendants
7  identified above, has not filed any response to plaintiff's motion to amend the schedule.

8  　　　　　A review of the docket for this case reflects that the court issued its original
9  "Discovery and Scheduling Order" on March 17, 2011.  On June 22, 2011, the court extended the
10 discovery deadline after plaintiff moved for a stay of discovery, alleging that he was having
11 difficulty accessing the prison library and viewing his legal materials.  On September 30, 2011,
12 the court again extended the discovery and motion deadlines to accommodate newly-served
13 defendants.  Plaintiff then moved in June 2012 to compel discovery, again alleging that he was
14 being denied access to his legal material and having difficulty accessing the law library.  The
15 court denied his motion on July 10, 2012, noting that "[a]s with his past motions plaintiff has
16 again failed to describe why he needs access to all of his legal material, what legal work is
17 currently pending and how not accessing his legal material has prevented him from litigating this
18 case....After reviewing plaintiff's exhibits it appears he is demanding access to his 27 boxes of
19 material as he has a settlement conference in another case."  See Doc. No. 122 at 2.

20 　　　　　In his current motion, plaintiff again alleges difficulty in obtaining his legal
21 materials and that his difficulty has made the discovery process meaningless for him.  He claims
22 that he has not had access to the court's "most recent scheduling order," so he could not ascertain
23 the discovery cut off date or the motions deadline, and was accordingly prevented from filing any
24 meaningful motion to compel.[1]

---

[1] Plaintiff's allegations are inconsistent.  At times, he alleges that he has had no access to
his legal files since June 28, 2012 (Doc. No. 125 at 1), but later claims that he has been allowed

Case 2:08-cv-01028-GEB-GGH   Document 131   Filed 11/02/12   Page 3 of 3

Plaintiff's inability to access the law library and all of his legal files as often as he would like do not constitute good cause to appoint counsel or to extend the discovery deadlines yet again. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).

In light of Defendants' non-objection, the court will grant plaintiff an additional 30 days to file a dispositive motion. The court reminds plaintiff that this extension does not extend his deadline to respond to the pending motions for summary judgment (filed by defendant Anthony; Doc. No. 127) and to dismiss (filed by Defendants; Doc. No. 128). No further extensions of the dispositive motion deadline shall be granted.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' October 24, 2012 motion for an extension of time (Doc. No. 129) is granted;

2. The court shall reset the deadline for Defendants' motion for summary judgment upon disposition of Defendants' pending motion to dismiss (Doc. No. 128);

3. Plaintiff's motion to alter the court's September 12, 2012 order (Doc. No. 125) is granted in part; plaintiff is granted thirty (30) days from the filing date of this order to file any dispositive motions; no further extensions shall be granted.

DATED: November 1, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

access "only once (which was short-cut due to his need to attend his weekly scheduled "Sweatlodge Nat. Amer. Religious services.") Doc. No. 125 at 6. Plaintiff additionally advises the court that he has provided the defendants with "at least about three cubic feet of discovery documents requested," (Doc. No. 125 at 2), which suggests that plaintiff had some ability to access his documents during the discovery period.

3