UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>Defendants. | No.  2:08-cv-1028 GEB AC P<br><br><br><br>ORDER |

Currently pending before the court is plaintiff's putative fourth amended complaint filed on June 6, 2013.  ECF No. 173.  Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party.  See Fed. R. Civ. P. 15(a)(2).  Answers were filed by defendants in 2011 and 2012.  See ECF Nos. 46, 86, 98, 104, and 116.  While "[t]he court should freely give leave when justice so requires," in this instance plaintiff did not file a motion for leave to amend at the time he filed his proposed amended complaint nor did he file a stipulation to amend the complaint signed by all parties.  See Fed. R. Civ. P. 15(a)(2).  In fact, defendants have filed an opposition to the putative fourth amended complaint (ECF No. 176) arguing that the amendment was unduly delayed and that it should be filed in a completely different lawsuit.[1]  For all the preceding reasons, the putative fourth amended complaint is

---

[1] While defendants assumed that the putative fourth amended complaint was meant to be filed in (continued…)

1

ordered stricken.

Also pending before the court are defendants' motions for summary judgment (ECF Nos. 174, 175) filed on June 19, 2013 by the remaining twenty-two defendants in plaintiff's third amended complaint. Plaintiff has been granted a total of 150 days to file any opposition or a statement of non-opposition to the motions. See ECF Nos. 191, 185, 182. By order of October 3, 2013 plaintiff was advised that no further extensions of time would be granted by the court. ECF No. 191. Plaintiff is further advised that any failure to oppose the summary judgment motions pursuant to Local Rules 230 and 260 may result in any appropriate sanctions, including deeming the defendants' proposed undisputed facts as undisputed for purposes of the adjudicating the motions for summary judgment. Local Rule 230(l) further provides that the "[f]ailure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On February 27, 2012, plaintiff was advised of the requirements for filing an opposition to a dispositive pretrial motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. ECF No. 111, at 3-5. Plaintiff is reminded that his final deadline to oppose summary judgment is January 2, 2014. If no opposition is filed by that date, the motions will be taken under submission as unopposed without further order of the court.

IT IS SO ORDERED.

DATED: December 13, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

Rodriguez v. Hubbard, 1:10-cv-0858 DLB, a cursory search of plaintiff's pending civil rights actions in this court demonstrates that plaintiff filed the exact same amended complaint in Rodriguez v. CDCR Departmental Review Board, et al., 1:12-cv-00757 JLT, which was ordered stricken from the docket on August 19, 2013. See Case No. 1:12-cv-00757 JLT, ECF Nos. 29 (Lodged Second Amended Complaint) and 30 (Order striking Second Amended Complaint). It is apparent to this court that plaintiff is shopping around this new complaint naming an entirely different group of defendants and a completely different set of factual allegations which occurred in 2009 and 2010.