UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ, | No. 2:08-cv-01028 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| JAMES TILTON, et al., | |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's third amended complaint, filed August 20, 2010, against the remaining twenty-two defendants.[1]  Pending before the court are the defendants' motions for summary judgment as well as plaintiff's opposition thereto, and defendants' replies.  ECF Nos. 174-175, 193-195, 202-203.

The court has thoroughly reviewed the recently submitted motions for summary judgment and exhibits, and finds that plaintiff has raised troubling issues concerning the adequacy and availability of discovery documents essential to support his opposition to summary judgment. Therefore, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the court vacates

---

[1] Defendant Dr. Anthony was dismissed via order of May 31, 2013 adopting the Magistrate Judge's April 5, 2013 findings and recommendations granting her motion for summary judgment. See ECF Nos. 157, 171.  Defendants Campbell, Garcia, and Micholetti were dismissed via order of September 29, 2010.  See ECF No. 36.

1

1 defendants' summary judgment motions without prejudice to future renewal.

2 Plaintiff has requested the appointment of counsel. Although the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983); see also Kuster v. Block, 773 F.2d 1048, 1049 (9th Cir. 1985).

Having determined that the required exceptional circumstances exist in this instance, and in order to facilitate the orderly and expeditious development of an adequate record in the present proceedings, the court will grant plaintiff's request for the appointment of pro bono counsel. See ECF No. 193 at 22. The court will issue a subsequent order appointing specific pro bono counsel once such counsel has been identified. At that time, a scheduling conference will be set by the court which will govern future proceedings in the present action.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motions for summary judgment (ECF Nos. 174, 175) are vacated from the court's docket without prejudice to renewal; and,

2. Plaintiff's request for the appointment of pro bono counsel is granted.

DATED: March 3, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2