UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>Defendants. | No. 2:08-cv-1028 GEB AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. This case is currently proceeding on the third amended complaint. ECF No. 32.

I. Procedural Background

On March 3, 2014, the court granted plaintiff's request for appointment of counsel (ECF No. 204) and on March 20, 2014, Kresta Daly was appointed as pro bono counsel for the limited purpose of reviewing the case, seeking any additional discovery necessary to oppose summary judgment, and responding to any renewed motion for summary judgment (ECF No. 206). On April 23, 2014, discovery was re-opened and plaintiff was given an opportunity to move for leave to amend the complaint once discovery closed. ECF No. 208. On November 21, 2014, plaintiff filed a motion for leave to file a fourth amended complaint (ECF No. 216) which defendants have opposed (ECF No. 218). Plaintiff has not filed a reply.

////

1

II.   Motion to Amend

   A.   Legal Standard

A court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). "[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Facts alleged in an amended complaint "must not be inconsistent with those already alleged." Lacey v. Maricopa County, 693 F.3d 896, 939 (9th Cir. 2012) (en banc). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay. Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 757–58 (9th Cir. 1999) (citations omitted).

   B.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

2

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

   C. Proposed Amended Complaint

In the proposed amended complaint,[1] plaintiff names the following defendants: Susan Hubbard, Diana Toche, Christopher Smith, Troy Brimhal, Brett Williams, R. Galloway, Boris Nale, Charlise Taylor, Valentina Tucker, S. Wholler, Peiri, and Santos.  ECF No. 217 at 4-5. Plaintiff also appears to identify an Officer Rodriguez as a defendant (id. at 5, ¶ 36), though he is not listed as a defendant (id. at 4-5, ¶¶ 21-32).  Defendants Hubbard, Toche, and Brimhal are sued in their official capacities, while the other defendants are sued in their individual capacities.[2]  Id.

    1. Eleventh Amendment Immunity

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  However, "[t]he Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities."  Los Angeles County Bar Ass'n v. Eu, 979

---

[1] The court notes that plaintiff failed to comply with Local Rule 137(c) and instead filed the fourth amended complaint before leave to file was granted.
[2] Since Officer Rodriguez is not listed as a defendant, the proposed amended complaint does not explicitly state what capacity he is sued in, but the allegations imply that he is sued in his individual capacity.

3

1  F.2d 697, 704 (9th Cir. 1992) (citing Ex Parte Young, 209 U.S. 123, 155-56 (1908); Edelman v.
2  Jordan, 415 U.S. 651, 667-68 (1974)).  A federal court is not empowered to issue retrospective
3  declaratory relief with respect to allegedly unconstitutional conduct that has ended.  National
4  Audubon Society, Inc. v. Davis, 307 F.3d 835, 847-48 (9th Cir. 2002).

5  Plaintiff seeks to sue defendants Hubbard, Toche, and Brimhal in their official capacities
6  (ECF No. 217 at 4, ¶¶ 21, 22, 24), but does not seek any prospective injunctive relief (id. at 6).
7  He does request declaratory relief regarding the constitutionality of the "acts, omissions, policies
8  and conditions" described in the proposed amended complaint.  Id.  However, despite plaintiff's
9  allegation that the conduct described in the complaint "continues to be performed by defendants
10 and their agents or employees in their official capacities" (id. at 5, ¶ 33), the court is unable to
11 discern any allegations of ongoing violations in the complaint, as the conduct complained of
12 appears to be limited to 2006.[3]  Since plaintiff does not seek any prospective relief from
13 defendants Hubbard, Toche, or Brimhal, amendment of the complaint to add these defendants
14 would be futile, as the claims would be barred by the Eleventh Amendment.

15  2.  No Respondeat Superior Liability

16  There is no respondeat superior liability under § 1983.  Taylor v List, 880 F.2d 1040, 1045
17 (9th Cir. 1989).  "A defendant may be held liable as a supervisor under § 1983 if there exists
18 either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient
19 causal connection between the supervisor's wrongful conduct and the constitutional violation."
20 Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation and internal quotation marks
21 omitted).  However, supervisory liability may exist without any personal participation if the
22 official implemented "a policy so deficient that the policy itself is a repudiation of the
23 constitutional rights and is the moving force of the constitutional violation."  Redman v. County
24 of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) abrogated in part on other grounds
25 by Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

---

[3] Plaintiff's claim that he suffers permanent disabilities as a result of defendants' alleged deliberate indifference (ECF No. 217 at 3, ¶ 20) is not equivalent to an allegation of ongoing violations.

Defendants Hubbard, Toche, Brimhal, and Smith are identified as having supervisory duties. ECF No. 217 at 4, ¶¶ 21, 22-24. To the extent plaintiff is attempting to make a claim for supervisory liability against any these defendants or the other defendants not explicitly identified as supervisors, he fails to state a claim. The proposed amended complaint does not allege any personal involvement by supervisory defendants or a causal connection between the supervisor's wrongful conduct and the alleged violations. Nor does it identify any policies or practices that violated his rights or allege a factual basis for finding any of the defendants responsible for implementing the unidentified policies and practices. If leave to amend were granted, any claims based on supervisory liability would have to be dismissed for failure to state a claim.

        3.      Personal Involvement

In order to state a claim under § 1983, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

5

medical need and (b) harm caused by the indifference. Jett, 439 F.3d at 1096 (citations omitted). A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

As defendants have correctly pointed out, the proposed amended complaint fails to allege personal involvement by over half of the named defendants. ECF No. 218 at 4-6. Plaintiff's only specific allegations which could potentially survive screening are as follows: (1) defendants Santos and Pieri ignored his requests for medical treatment and to see a doctor (ECF No. 217 at 2, ¶¶ 5, 7); (2) defendant Rodriguez refused to allow plaintiff to see a doctor despite his worsening symptoms (id., ¶ 8); (3) defendant Tucker ignored plaintiff's complaints when delivering medication and later misdiagnosed his condition (id. at 2-3, ¶¶ 9, 11, 13); and (4) defendants Galloway and Smith "refused to provide Plaintiff with sufficient catheters and other necessary medical supplies to assist with his incontinence" (id. at 3, ¶ 19). It appears plaintiff may be attempting to make additional claims against the defendants, but his vague and conclusory allegations make it difficult to determine what those claims might be. At a minimum, defendants Hubbard, Toche, Smith, Brimhal, Williams, Taylor, and Nale would be screened out for failure to allege sufficient personal involvement by these defendants in the violation of plaintiff's constitutional rights.

III.   Conclusion

As set forth above, the court finds that if leave to amend were granted, over half of the named defendants would be dismissed for failure to state a claim against them, making the proposed amended complaint largely futile. The court will therefore deny the motion to amend.

Because the motion to amend is denied, the court will strike the improperly filed fourth amended complaint (ECF No. 217) from the record. Plaintiff shall have an opportunity to file another motion to amend the complaint and is advised that if he chooses to file such a motion, the proposed amended complaint should not be filed as a separate document and should instead be filed as an exhibit to the motion, as required by Local Rule 137(c). If the proposed amended

complaint seeks to add additional defendants, the motion for leave to amend should address why the addition of these defendants would not unduly delay the case or be unduly prejudicial to defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a fourth amended complaint (ECF No. 216) is denied.

2. The fourth amended complaint (ECF No. 217) shall be stricken from the record.

3. Plaintiff has thirty days from the filing of this order to file a motion for leave to file an amended complaint. The motion must be accompanied by a proposed amended complaint. If plaintiff fails to file a motion to amend within the time granted, the court will proceed to set a deadline for the filing of dispositive motions on the remaining claims in the third amended complaint.

DATED: June 2, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE