UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>Defendants. | No. 2:08-cv-1028 GEB AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through counsel with this civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2014, the court determined that a limited purpose appointment of counsel for plaintiff was warranted, and issued an order granting plaintiff's motion for the appointment of pro bono counsel. ECF No. 204. On June 30, 2015, plaintiff's pro bono counsel moved to withdraw as plaintiff's attorney of record (ECF No. 220) and after a hearing on the matter, the motion was granted (ECF Nos. 223, 224). The court was able to locate substitute pro bono counsel to represent plaintiff and the parties were directed to submit a joint status report (ECF No. 225) which is now before the court (ECF No. 234).

I.  Amendment of the Complaint

The scope of appointed counsel's limited purpose appointment included filing an amended complaint if appropriate. ECF No. 225. Counsel has indicated that he wishes to file an amended complaint and the parties have agreed to a deadline of March 24, 2016, for any motion to amend

1

1  and proposed amendments. ECF No. 234 at 2-4. Plaintiff has indicated that he intends to add
2  new claims to the complaint, and defendants expect that they would oppose any such amendment.
3  Id.

4        Plaintiff shall have until April 13, 2016, to file a motion to amend, with the proposed
5  amended complaint attached as required by Local Rule 137(c). Plaintiff is advised that if the
6  proposed amended complaint seeks to add new defendants or claims, the motion for leave must
7  address why the addition of these defendants and claims would not unduly delay the case or be
8  unduly prejudicial to defendants. He is also reminded that any new claims he may seek to bring
9  must be exhausted prior to bringing them before the court. 42 U.S.C. § 1997e(a). Moreover,
10 given the age of this case and its procedural posture, the focus should be on clarifying and/or
11 narrowing the issues going forward rather than on expanding the matter.

12   II.    Discovery

13       As the parties correctly note, discovery in this case is closed. However, the parties both
14 indicate that they believe it may be necessary to obtain updated medical records for plaintiff and
15 that this may require the issuance of subpoenas to obtain the records. ECF No. 234 at 4-5. The
16 parties request leave of the court to take the steps necessary to obtain plaintiff's updated medical
17 records, including serving subpoenas if necessary. Id. This request will be granted and the
18 parties shall have until May 10, 2016, to request plaintiff's updated medical records.[1]

19       Plaintiff's counsel also seeks clarification regarding whether the scope of his appointment
20 includes following up on previous discovery requests through meet-and-confers and motions to
21 compel. Id. at 5.[2] To the extent counsel needs to follow up on responses to previously
22 propounded discovery requests in order to properly defend against a motion for summary
23 judgment, this is within the scope of his appointment and he is authorized to meet-and-confer and
24 informally pursue further responses as necessary. The parties are reminded that the exchange of
25 information and materials by mutual agreement does not require court approval or involvement.

26

---

[1] This date may be extended if necessitated by amendment of the complaint.
[2] Plaintiff previously filed motions to compel, but those motions were brought without the benefit of counsel.

2

The parties are encouraged to cooperate to the fullest extent in order to move the case expeditiously toward dispositive motions and/or trial.

Should plaintiff require the court's intervention, the court will entertain a single out-of-time motion to compel responses to any previously-propounded discovery requests. The parties are strongly encouraged to make use of the undersigned's procedure for resolving discovery disputes through informal telephonic conferences. The procedure is available on the court's website under case management procedures.[3] Plaintiff is reminded that whether he chooses to pursue formal or informal means for resolving any potential discovery disputes, he must confer with defendants' counsel in person or via telephone or video conferencing or the motion will be denied. Written correspondence, including e-mail, is insufficient to satisfy a parties' meet-and-confer obligation. Any motion to compel or request for court intervention regarding previously-propounded discovery requests must be made by April 20, 2016.

Finally, defendants seek to re-open discovery for the limited purpose of taking plaintiff's continued deposition. ECF No. 234 at 5-6. Since this request appears to be based on the anticipated contents of an amended complaint, the request will be denied without prejudice. Once amendment of the complaint has been resolved, defendants may, if necessary, seek to take plaintiff's continued deposition at that time.

III.   Expert Witness Fees

Plaintiff's counsel indicates that he would like to request reimbursement of costs for expert consultant or witness fees and costs, which he believes will be necessary to defend against a motion for summary judgment. ECF No. 234 at 6-7. The court finds that, given the nature of plaintiff's claims, retention of an expert consultant or witness is warranted and will consider any applications to incur expenses that are in compliance with the procedures set forth in General Order 558. However, given plaintiff's indication that he intends to seek leave to amend the complaint, the limited re-opening of discovery to obtain expert witnesses will not occur until after the scope of the complaint has been determined.

---

[3] http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/.

IV. <u>Case Management Conference</u>

Because plaintiff will move to amend the complaint and may attempt to increase its scope, the court will not set a deadline for summary-judgment motions at this time. If plaintiff ultimately does not seek to amend the complaint or if the motion is denied, a further scheduling order will issue with deadlines for obtaining expert witnesses and filing motions for summary judgment. If plaintiff files a motion to amend and it is granted, depending upon the scope of the amendment, the court will either issue a further scheduling order or set a case management conference to address any issues going forward, such as the limited re-opening of discovery.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall have until April 13, 2016, to file a motion for leave to file an amended complaint. The motion shall be heard no later than May 11, 2016, and must be accompanied by a proposed amended complaint. If plaintiff fails to file a motion to amend within the time granted, the court will proceed to set a deadline for obtaining expert witnesses and filing dispositive motions on the remaining claims in the third amended complaint.

2. The parties are granted leave to obtain plaintiff's updated medical records and are authorized to obtain subpoenas for that purpose as necessary. The parties shall have until May 10, 2016, to request any additional medical records.

3. Plaintiff shall have until April 20, 2016, to either contact the court to schedule an informal telephonic conference or file a discovery motion to compel further responses to discovery requests that have already been propounded and are required to defend against a motion for summary judgment. If plaintiff chooses to file a motion rather than schedule an informal telephonic conference, the motion shall be heard no later than May 18, 2016.

4. Defendants' request to re-open discovery for the limited purpose of conducting plaintiff's continued deposition is denied without prejudice.

////
////
////
////

5. Deadlines for conducting expert witness discovery and filing dispositive motions will be set upon resolution of any motion for leave to amend the complaint or the expiration of time to file such a motion.

DATED: March 24, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE